IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARSHALL CARTER, JR., | ) | |
| Plaintiff, | ) | 8:04cv524 |
| vs. | ) | MEMORANDUM AND ORDER |
| T. D. GENSLER, M.D., | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 19, the Motion to Dismiss filed by the defendant, Dr. T. D. Gensler, who is employed to provide medical care to inmates at the Douglas County Correctional Center ("DCCC") where the plaintiff, Marshall Carter, Jr., is a prisoner. This case is related to another pending action, Case. No. 8:04cv540, in which the plaintiff sued a nurse who works with Dr. Gensler, alleging that the nurse has failed or refused to administer psychiatric medication diagnosed for the plaintiff. As a result, the plaintiff's mental health is deteriorating, and he is suffering psychiatric symptoms. In this case, the plaintiff characterizes his claims as slander and negligence. However, liberally construing the complaint, it appears that the issues are the same as in Case. No. 8:04cv540, i.e., deliberate indifference to the plaintiff's need for his diagnosed psychiatric medication, and the defendant's failure or refusal to treat the plaintiff.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted as true. Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998). See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the

complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'" (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

In light of that strict standard, filing no. 19, the defendant's Motion to Dismiss, is denied.

SO ORDERED.

DATED this 26th day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge